PIERCE, Chief Judge.
In this case appellant Nathaniel Terry seeks review by this Court of a judgment and sentence entered against him for robbery.
On May 20, 1970, Terry was informed against in the Pinellas County Circuit Court for committing armed robbery on April 10, 1970, upon one Gerald Giannettini. On June 5, 1970, he was arraigned, entered a plea of not guilty, and was tried before a jury on June 24, 1970, resulting in a verdict of guilty as charged. On June 24, 1970, he was adjudged guilty by the Court and thereupon sentenced to life imprisonment.
The sole point argued here for reversal is the alleged insufficiency of the testimony for the State on the point of identification.
The alleged victim of the robbery, Gian-nettini, was the only witness for the State who “put the finger” on Terry. But he was positive on the point of identification, the jury apparently believed him, and the trial Judge impliedly approved the jury’s finding.
Giannettini testified that on April 10, 1970, he was employed for the 7-Eleven Company at Store number twenty-two on 49th Street South, St. Petersburg; that he was alone in the store at about 10:30 o’clock P.M. making up the daily report of business when “two men entered the store and relieved me of some money I had in the registers * * * one was holding a rifle of some sort. I am not sure what kind. One came around the counter and instructed me to open the registers. I did so, and they took the money and told me to go in the back room. When I came back out, they were gone.” He identified Terry as being one of the two men who came in the store, “he had a T-shirt on and kind of holding it over his face. When he took the money out, he dropped it and I think this caused my attention to be called to him more than the other one. He instructed me to open the registers. He took all the bills and grabbed a handful! of quarters. He had me open the other register and repeated the same thing. He led me half-way to the back room, and I went the rest of the way. When I peeked around the corner, they were gone from the store.” He stated he was about one or two feet from Terry and had opportuni *171 ty to observe him for “maybe two or three minutes * * * he was right next to me * * * he was a fairly young Negro. He had a pretty clear complexion, with a little bit of scrub goatee like. I did not see any marks or anything on his face.” Subsequent to the robbery, he identified Terry in “a lineup at the Police Station at a later hearing.” He did not “get that much of a look” at the other robber to be able to identify him, “I just glanced at him a couple of times. I was busy opening the register, and then they led me to the back room”.
The above identification testimony is amply sufficient if believed, and it apparently was. All the elements of robbery were established, as indicated by this 2nd District Court’s opinion in Smith v. State, Fla.App.1970, 239 So.2d 284. This reviewing Court cannot retry the case on its merits nor substitute its judgment for that of the jury. Devlin v. State, Fla.App. 1965, 175 So.2d 82.
The judgment and sentence appealed is—
Affirmed.
LILES and MANN, JJ., concur.